UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD L. PARENTEAU, JR.,

        Plaintiff,

v.

DONALD JAMES RAZ,

        Defendant.

Case No. C17-1319-RSM-JPD

ORDER TO SHOW CAUSE

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983. He alleges in his complaint that Donald Raz, a prosecutor employed by the King County Prosecuting Attorney's Office, has violated his constitutional rights by falsely charging him without any evidence to support the charges. (Dkt. 1-1 at 3.) Plaintiff asserts that he has suffered severe emotional distress as a result of having been falsely imprisoned for over three years. (*Id.*) Donald Raz is the only defendant named in this action. (*See id.* at 2.) Plaintiff seeks monetary damages in an unspecified amount. (*See id.* at 4.)

The Supreme Court of the United States has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36

ORDER TO SHOW CAUSE - 1

(1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). It appears from the face of the complaint that the actions complained of by plaintiff were taken by Mr. Raz in his role as a prosecutor for King County, and in the context of plaintiff's pending state court criminal proceedings. It thus appears that Mr. Raz is immune from liability for damages in this § 1983 action.

Even assuming Mr. Raz is not entitled to immunity, it appears unlikely that this action can proceed at the present time. Plaintiff alleges that defendant's conduct deprived him of his constitutional rights in relation to what appears to be a currently ongoing state court criminal prosecution. *See State of Washington v. Richard Leo Parenteau, Jr.*, King County Superior Court Case No. 14-1-03783-6. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff's complaint does not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings.

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Plaintiff shall SHOW CAUSE not later than ***thirty (30) days*** from the date on which this Order is signed why this action should not be dismissed pursuant to 28 U.S.C.

ORDER TO SHOW CAUSE - 2

§ 1915(e)(2)(B). Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)  The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 21st day of September, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge