UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD L. PARENTEAU, JR.,

          Plaintiff,

v.

DONALD JAMES RAZ,

          Defendant.

Case No. C17-1319-RSM-JPD

REPORT AND RECOMMENDATION

On August 31, 2017, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) Plaintiff alleged in his complaint that Donald Raz, a prosecutor employed by the King County Prosecuting Attorney's Office, had violated his constitutional rights by falsely charging him without any evidence to support the charges. (*See* Dkt. 5 at 3.) Plaintiff asserted that he had suffered severe emotional distress as a result of having been falsely imprisoned for over three years. (*Id.*) Donald Raz was the only defendant named in the complaint. (*See id*. at 2.) Plaintiff requested monetary damages in an unspecified amount. (*See id*. at 4.)

REPORT AND RECOMMENDATION - 1

On September 21, 2017, the Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed. (Dkts. 4 and 5.) On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. 6.) The Court explained in its Order to Show Cause that it appeared Mr. Raz was immune from liability for damages in this action because the actions complained of by plaintiff were taken by Mr. Raz in his role as a prosecutor for King County, and in the context of plaintiff's pending state court criminal proceedings. (*See id*. at 2, citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976).) The Court further explained that even if Mr. Raz were not entitled to prosecutorial immunity, it appeared unlikely this action could proceed given that plaintiff's criminal proceedings were ongoing and plaintiff had not identified any extraordinary circumstances which would justify this Court's intervention in those proceedings. (*Id*., citing *Younger v. Harris*, 401 U.S. 37 (1971).)

Plaintiff was granted thirty days within which to file a response to the Order to Show Cause, and was advised that his failure to file a timely response to the Order would result in a recommendation that this action be dismissed. (*Id*. at 2-3.) To date, plaintiff has filed no response to the Order to Show Cause.

When a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to identify in his complaint any viable defendant or any cognizable claim for relief, and because he failed to respond in any fashion to the Order to Show Cause, this Court recommends that plaintiff's complaint and this action be dismissed, with

REPORT AND RECOMMENDATION - 2

prejudice, pursuant to § 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 4, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 8, 2017.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 13th day of November, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3